UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA HONG,<br><br>   Plaintiff,<br><br> v.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY,<br><br>   Defendant. | Case No. 18-cv-04039-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 13 |

Before the Court is Defendant AXA Equitable Life Insurance Company's ("Equitable") motion to dismiss. ECF No. 13. The Court will grant the motion.

## I.   BACKGROUND

### A.   Plaintiff's Complaint

As alleged in her complaint, Plaintiff Theresa Hong purchased two disability income insurance policies from Equitable in 1988 and 1989. ECF No. 1 ¶ 5.[1] The policies provided Hong benefits in the event she became unable to work in her own occupation as a physician specializing in cranial osteopathy. *Id.* ¶ 4. After her purchase, Hong modified these policies several times. *Id*. ¶ 6. In the event that Hong became disabled before age 60, the insurance would provide lifetime monthly benefits. *Id*. ¶ 7. If Hong became disabled at or after reaching age 60, the insurance would provide monthly benefits until age 65. ECF No. 18 at 7.

In 2011, at the age of 57, Hong began experiencing symptoms of cerebellar ataxia, including tripping and stumbling, spilling, dropping things, fatigue, and mental fuzziness. ECF No. 1 ¶¶ 14, 19. As a result, Hong reduced the number of patients she treated and the number of

---

[1] For the purposes of deciding this motion, the Court accepts as true the factual allegations from the plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

1    procedures she performed. *Id*. ¶¶ 14-15.

2    On or around September 2, 2011, Hong inquired about a claim for long-term disability benefits with Equitable. *Id*. ¶ 17. Equitable informed Hong that she was not eligible for disability benefits under her insurance policy because she was continuing to work at her practice and earning income. *Id*. ¶ 18. Equitable did, however, offer to consider additional information relevant to Hong's claim. *Id.*

In 2015, at the age of 61, Hong closed her practice and stopped seeing patients entirely. *Id*. ¶¶ 15, 20. Hong then submitted another disability claim to Equitable, which was approved on October 22, 2015. *Id*. ¶ 20. After her 2015 claim was approved, Hong inquired again about disability benefits for the time period between 2011 and 2015. *Id*. In September 2016, and again in February 2017, Equitable denied Hong's request for benefits for the pre-2015 period. *Id*.

**B.     Procedural History**

On July 6, 2018, Hong filed a complaint against Equitable, alleging claims for breach of contract and breach of the covenant of good faith and fair dealing. *Id.* ¶¶ 29-41. On August 27, 2018, Equitable moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Hong's claims are barred by the statute of limitations. ECF No. 13.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In

2

determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III. DISCUSSION

Equitable argues that it denied Hong's claim for disability benefits in 2012 and 2013, and therefore the statute of limitations bars her claims. These dates do not appear on the face of Hong's complaint, but Equitable argues that documents incorporated by reference into the complaint prove its argument. The Court considers whether these documents are properly incorporated, and then, if so, whether Hong's claims are barred.

#### A. Incorporation by Reference

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A court may consider documents not attached to the "complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation by reference doctrine extends to circumstances where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076. Under this doctrine, "a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The purpose of this doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Fraley v. Facebook*, 830 F. Supp. 2d. 785, 795 (N.D. Cal. 2011).

When a court finds that a document has been incorporated, it "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). But "[w]hile this is generally true, it is improper to assume the truth of an incorporated document if such assumptions only serve to

3

dispute facts stated in a well-pleaded complaint." *Id.*

Here, Equitable urges the Court to incorporate by reference copies of Hong's insurance policies and letters Equitable sent to Hong regarding disability benefits. ECF No. 13 at 13-14.

Hong does not contest the authenticity of any documents, nor does she appear to dispute that the 1988 and 1989 policies and the September 2016 letter may be incorporated by reference. *See* ECF No. 18 at 9-10. The Court agrees that these three documents are properly incorporated into the complaint. The policies form the basis for Hong's claims, and the complaint extensively references the policies and their definition of disability. ECF No. 1 ¶¶ 5, 8; *see also Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 943 n.1 (9th Cir. 2008). The complaint's reference to a denial of pre-2015 benefits in September 2016, ECF No. 1 ¶ 20, tracks the September 2016 letter denying such a claim, ECF No. 13-2 at 84-86. Moreover, Hong concedes that the letter is "part of the rejection of her back benefit claim" for pre-2015 benefits that is the basis for this action. ECF No. 18 at 13.

As for the November 2012 and January 2013 letters, Equitable argues that while Hong did not specifically reference the two letters in her complaint, the complaint summarizes their contents when describing how Equitable responded to her 2011 disability claim. ECF No. 19 at 7-8 (citing ECF No. 1 ¶¶ 18-20, 22, 33-35); *see also Brusco v. Harleysville Ins. Co.*, No. CIV.A. 14-914 JEI/JS, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (finding denial letters incorporated because claimant's "allegation that his claim was improperly adjusted relies upon some denial of his insurance benefits having occurred"). For instance, the complaint refers to instances where Equitable "informed Plaintiff that her policy did not include a Residual Disability rider" and Equitable "communicated to Plaintiff that she could not be eligible for disability benefits if she was still working and if her clinical practice earned income." ECF No. 1 ¶ 18. The complaint also claims Equitable intentionally represented that Hong was ineligible for benefits "because her policy did not include a residual disability rider; because her drastically modified work duties would not qualify her for benefits under the Policies in 2011; and that working in a reduced capacity and earning gross income precluded qualification for disability under the Policies." *Id.* ¶ 34.

Hong does not meaningfully contest the letters' authenticity or relevance,[2] but argues that they represent an incomplete selection of her correspondence with Equitable. ECF No. 18 at 10. In other words, Hong argues that the Court should limit the inferences that it draws from those documents. *See Khoja*, 899 F.3d at 1003. While the Court is mindful of those concerns, it concludes that consideration of the letters' contents is appropriate under these circumstances. Importantly, the letters do not contradict the complaint's allegations, but rather reflect the events alleged there. *See* ECF No. 1 ¶ 18. Though Hong may disagree as to the legal effect of those letters (as discussed below), the Court is not required to accept legal conclusions as true at the pleading stage. *See Ashcroft*, 556 U.S. at 678. Finally, considering these letters will further the purpose of the incorporation by reference doctrine, by preventing Hong from omitting these denial letters in order to evade a statute of limitations defense. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (one purpose of doctrine is to "[p]revent [ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based" (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998)).

Accordingly, the Court finds that the policies and letters are incorporated by reference.

### B. Statute of Limitations

The Court next considers whether the incorporated documents demonstrate that the statute of limitations has run.

Under California law, "the infliction of appreciable and actual harm, however uncertain in amount, will commence the statutory period." *Davies v. Krasna*, 14 Cal. 3d 502, 514 (1975). "In an action for breach of an insurance contract, the cause of action accrues 'at the latest upon the date of unconditional denial, and concealment of legal rights will not toll the period.'" *Smith v. UNUM Life Ins. Co. of Am.*, No. CV 05-8176 MMM (AJWx), 2006 WL 8429160, at *4 (C.D. Cal. Dec. 7, 2006) (quoting *State Farm Fire & Cas. Co. v. Superior Court*, 210 Cal. App. 3d 604, 609 (1989)). It is "well settled that 'an unconditional denial of liability by the insurer after the insured has incurred loss and made claim under the policy gives rise to an immediate right of action.'" *Vu*

---

[2] The Court notes, moreover, that the letters are designated with the 1988 and 1989 policy numbers. *See* ECF No. 13-2 at 2, 41, 76, 80.

5

*v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1149 (2001) (quoting *Bollinger v. National Fire Ins. Co.*, 25 Cal. 2d 399, 404 (1944)). Under California law, the statute of limitations is four years for breach of written contract claims, Cal. Code Civ. Proc. § 337(1), and two years for breach of good faith and fair dealing claims, *id.* § 339(1).

As an initial matter, Hong implies that she did not file a formal "claim" until 2015, but her complaint alleges that, after she "inquired about a claim for LTD benefits" in 2011, Equitable "did not unequivocally deny her claim, but offered to consider additional information." ECF No. 1 ¶ 17-18. Moreover, the incorporated November 2012 and January 2013 letters reflect that Equitable treated the 2011 inquiry as claim, as they include a claim number and begin with "I write to you regarding your claim for disability benefits." ECF No. 13-2 at 76, 87.

The Court also concludes that Equitable's denial was unequivocal. ECF No. 1 ¶ 18. The January 2013 letter denied Hong's 2011 claim, stating: "Based upon all of the information presently available to us, you are not eligible for Total Disability benefits and your policy does not provide for Residual (partial) Disability. . . . We have closed your claim and marked our records accordingly." ECF No. 13-2 at 88-89. Although the letter indicated that Equitable would review any additional information, a "statement of willingness to reconsider does not render a denial equivocal." *Migliore v. Mid-Century Ins. Co.*, 97 Cal. App. 4th 592, 605 (2002); *see also Singh v. Allstate Ins. Co.*, 63 Cal. App. 4th 135, 143 (1998) (holding that "[t]he extension of a courtesy, to look at anything else that plaintiffs might have to offer, did not render the denial equivocal"). Accordingly, Hong's cause of action began to accrue when she received the January 2013 letter.

Hong basically concedes the above conclusions, but she offers two reasons that the claim she filed in 2015 is distinct from the one denied in 2013, and therefore not subject to a 2013 accrual date.

First, Hong asserts that the 2013 denial does "not preclude a new claim submitted later with new and different claims and medical evidence." ECF No. 18 at 12. While that may be true, Hong does not allege any different claims or evidence that developed between January 2013 and June 2015. Rather, the complaint alleges that the relevant change came in June 2015, when Hong closed her practice entirely and Equitable granted her long-term benefits – as opposed to the

6

allegedly wrongful denial for the prior period. ECF No. 1 ¶ 20. The complaint underscores this juxtaposition by consistently treating the period from 2011 until 2015 as one unified time during which Hong was entitled to benefits. *See, e.g.*, ECF No. 1 ¶¶ 16, 20, 22. Therefore, Hong's later request for a disability determination covering that entire period was one for reconsideration, which does not start a new limitations period. *See Vishva Dev, M.D., Inc. v. Blue Shield of Cal. Life & Health Ins. Co.*, 2 Cal. App. 5th 1218, 1225, (2016) ("If insurance companies were saddled with the situation that whenever [they] reconsidered an earlier decision it would inaugurate a new limitations period, companies would be reluctant to offer policy holders the luxury of a second evaluation. (alteration in original) (quoting *Wagner v. Dir., Fed. Emergency Mgmt. Agency*, 847 F.2d 515, 521 (9th Cir. 1988)).

Second, Hong argues that the 2013 denial did not cover the lifetime disability benefits that she sought in her 2015 claim. ECF No. 18 at 12-14. But the lifetime benefits were linked to Hong's 2011 claim. If Equitable had found Hong totally disabled in January 2013, Hong would have received lifetime disability benefits. *See* ECF No. 1 ¶ 7; ECF No. 13-2 at 85. By the same token, Equitable's January 2013 determination that Hong was not totally disabled denied Hong those lifetime benefits.

To the extent that Hong suggests that the statute of limitations on lifetime benefits would not begin to run until Hong turned 65 and became eligible to actually receive those benefits, ECF No. 13-2 at 85, the Court disagrees. The statute of limitations began running "when plaintiff's right to [those] benefits was denied," not when those benefits would have been paid. *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061 (N.D. Cal. 2018). *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Insurance Program*, 222 F.3d 643, 650 (9th Cir. 2000) (en banc), is inapposite, both because the court there determined that the insurer had not unequivocally denied plaintiff's claim and because it involved ERISA's accrual rule rather than state law.

Therefore, the Court holds that the statute of limitations on Hong's claims began running in 2013.

**C.     Estoppel**

Finally, the Court addresses Hong's argument that Equitable is estopped from asserting the

statute of limitations. ECF No. 18 at 14-15.

The "mere denial of liability, even though . . . alleged to have been made through fraud or mistake" is not sufficient on its own "to deprive the insurer of its privilege of having the disputed liability litigated within the period prescribed by the statute of limitations." *Neff v. New York Life Ins. Co.*, 30 Cal. 2d 165, 172-73 (1947). For a party to be estopped from asserting the statute of limitations defense,

> the party to be estopped must be apprised of the facts; the other party must be ignorant of the true state of the facts; the party to be estopped must have intended that its conduct be acted upon, or so act that the other party had a right to believe that it was so intended; and the other party must rely on the conduct to its prejudice.

*California Cigarette Concessions, Inc. v. City of Los Angeles*, 53 Cal. 2d 865, 869 (1960).

Hong first argues that Equitable is estopped from raising the statute of limitations because Equitable misrepresented the terms of the policy when denying her 2011 claim. ECF No. 18 at 14-15. This argument fails because the denial of benefits alone is not a misrepresentation that tolls the statute of limitations. *See Vu*, 26 Cal. 4th at 1149 (holding that a "denial of coverage, even if phrased as a 'representation' that the policy does not cover the insured's claim, or words to that effect, offers no grounds for estopping the insurer from raising a statute of limitations defense").

Next, Hong contends that Equitable failed to explain various terms of the policy. ECF No. 18 at 15. But Equitable communicated why it considered Hong partially disabled when it denied her claim in 2013. ECF No. 13-2 at 80-82. Hong alleges no action that Equitable took to prevent her from timely challenging that definition. Estoppel requires "some fraudulent concealment, some active conduct by the defendant *above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Coppinger-Martin v. Solis*, 627 F.3d 745, 751 (9th Cir. 2010) (internal quotation marks and citation omitted). Hong's argument that Equitable should have explained the conditions of lifetime benefits likewise fails because the terms of the policies clearly included this information, *see* ECF No. 13-2 at 4, 41, and Hong does not point to any conduct where Equitable attempted to hide this information.

Finally, Hong contends that Equitable is estopped because Equitable did not provide written notice of the statute of limitations as required under 10 California Code of Regulations

section 2695.7(f). Hong misconstrues this notice requirement.  Section "2695.7(f) requires insurers to provide written notice to unrepresented claimants of any statute of limitations or other time period requirement on which the insurer may rely to deny an insurance claim – not to defeat a subsequent lawsuit arising from the denial of the claim." *Monaco v. Liberty Life Assur. Co.*, No. C 06-7021 PJH, 2008 WL 1766768, at *3 (N.D. Cal. Apr. 15, 2008); *see also Finkelstein*, 325 F. Supp. 3d 1061.

The Court holds that Equitable is not estopped from asserting the statute of limitations.[3]

## CONCLUSION

For the foregoing reasons, the Court hereby dismisses Hong's complaint without prejudice. Hong may file an amended complaint within 30 days.

**IT IS SO ORDERED.**

Dated: December 4, 2018



JON S. TIGAR
United States District Judge

---

[3] The Court denies Equitable's request for judicial notice as moot.  *See* ECF No. 19-1.